IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JOSHUA GUNNELS, | ) | |
| Petitioner, | ) | 8:18CV525 |
| v. | ) | |
| BRADLEY JOHNSON, | ) | MEMORANDUM AND ORDER |
| Respondent. | ) | |

After initial review under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, I will dismiss this § 2241 petition without prejudice.[1]

The Petitioner, a pretrial detainee, is charged by information in the Lancaster County, Nebraska District Court with a felony (driving while revoked after a drunk driving conviction or driving after a conviction for refusal to submit to a blood or breath test) as well as a misdemeanor (3rd offense driving under the influence of alcohol.) The county judge found probable cause to hold Petitioner and set bail at 10% of $30,000. Petitioner thereafter waived a preliminary hearing and his case was bound over to the district court.[2] Petitioner is represented by a public defender. In state court, he has not challenged the amount of the bond.

---

[1] Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts allows me to apply Rule 4 of those rules to a section 2241 petition. *See also* 28 U.S.C. § 2243.

[2] I have reviewed the entire case file through Nebraska's judicial records system made available to the judges of this court. *See Stutzka v. McCarville*, 420 F.3d 757, 761, n.2 (8th Cir. 2005) (court may take judicial notice of public records); Federal Rule of Evidence 201 (providing for judicial notice of adjudicative facts). The state district court case number is 18-914.

He raises an excessive bail claim and a claim that he has a right to be charged by indictment. Both claims fail.

First, there is nothing unusual about this pending state criminal case. Accordingly, it is clear that this case must be dismissed. *See*, *e.g.*, *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489 (1973) ("federal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court" and a petitioner must "exhaust[] all available state remedies as a prelude to th[e] action." ); *Crandle v. Oliver*, No. CV 1:17-00562-WS-N, 2018 WL 1041582, at *3 (S.D. Ala. Jan. 23, 2018) (recommending dismissal and applying *Braden* to a petitioner who, among other things, claimed a violation of his speedy trial rights and the failure to give him a reasonable bond), report and recommendation adopted, No. CV 1:17-00562-WS-N, 2018 WL 1037053 (S.D. Ala. Feb. 23, 2018).

Second, Petitioner has no right to be charged by indictment in state court. In 1884, the Supreme Court handed down its landmark decision in *Hurtado v. California*, 110 U.S. 516 (1884). The Court held that neither the Fifth Amendment, which provides for the right to an indictment by a grand jury for serious criminal charges brought in federal court, nor the Fourteenth Amendment's Due Process Clause requires states to afford a defendant the right to be tried only upon an indictment by a grand jury. *Id.* at 521–22. The Court stated that the right to indictment by a grand jury was not essential to preserving "fundamental principles of liberty and justice," *id.* at 535, or guarding "the substantial interest of the prisoner." *Id.* at 538. Here, I note, Petitioner waived his right to a preliminary hearing to determine the question of probable cause to proceed further.

Finally, although Petitioner sought relief under 28 U.S.C. § 2241, he must obtain a certificate of appealability if he wishes to appeal. *See* 28 U.S.C. § 2253; Fed. R. App. P. 22(b)(1); Rule 1(b) and Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts. The standards for certificates (1) where the

district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484-485 (2000). I have applied the appropriate standard and determined that Petitioner is not entitled to a certificate of appealability.

IT IS ORDERED that the petition for writ of habeas corpus is denied and dismissed without prejudice. No certificate of appealability has been or will be issued. Judgment will be entered by separate document.

DATED this 19th day of November, 2018.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge